```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, #A0201434, | ) ) ) | CIV. NO. 12-00117 SOM/RLP |
| | ) | ORDER DENYING MOTION FOR |
| Plaintiff, | ) ) | TRANSCRIPTS AT GOVERNMENT EXPENSE |
| vs. | ) ) | |
| FRANCIS HAMADA, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE**

Plaintiff Michael C. Tierney is a prisoner proceeding *pro se* and *in forma pauperis* ("IFP") with this civil rights action pursuant to 42 U.S.C. § 1983. On May 31, 2012, the court denied Plaintiff's Motion for Emergency Dental Treatment. ECF #32. On June 4, 2012, Plaintiff filed a notice of interlocutory appeal of this decision and now moves for transcripts of the hearing on his Motion. Mot. for Transcripts at Government Expense, ECF #49. For the following reasons, Plaintiff's Motion is DENIED.

**I. LEGAL STANDARD**

A litigant who has been granted *in forma pauperis* status may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991) *vacated on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991). The court considers two statutes to determine a request to prepare transcripts at the

government's expense.  First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding *in forma pauperis*.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753 allows the court to order the government to pay for transcripts if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).  A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

//

//

## II. **DISCUSSION**

Based on the evidence received at the hearing on Plaintiff's Motion for Emergency Dental Treatment, the court finds that an appeal of this matter is wholly without merit and, therefore, frivolous. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (quoting *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991)); *see also In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (stating that "[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit"). Moreover, Plaintiff fails to specify any basis for this appeal or proffer arguments why a transcript is needed. Thus, Plaintiff's appeal does not present a substantial question.

## III. **CONCLUSION**

Plaintiff's Motion for Transcripts at Government Expense is DENIED. Plaintiff may renew his request for transcripts with the appellate court by filing a motion in that court if he wishes. Plaintiff is also notified that the

appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

        IT IS SO ORDERED.

        DATED: Honolulu, July 2, 2012.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

*Tierney v. Hamada, et al.,* Civ. No. 12-00117 SOM-RLP; Order Denying Motion for Transcripts at Government Expense; psa/Non-dsp Ords/dmp/2012/Tierney 12-117 som (dny transcripts)