IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434, | ) NO. 1:12-cv-00117 SOM/RLP ) |
| Plaintiff, | ) ORDER REVOKING IN FORMA ) PAUPERIS STATUS, DENYING ) MOTION FOR DISCOVERY, AND |
| vs. | ) DISMISSING COMPLAINT AND ) ACTION |
| FRANCIS HAMADA, et al., | ) ) |
| Defendants. | ) ) |

**ORDER REVOKING IN FORMA PAUPERIS STATUS, DENYING MOTION FOR DISCOVERY, AND DISMISSING FIRST AMENDED COMPLAINT AND ACTION**

Plaintiff Michael C. Tierney is a prisoner in the custody of the Hawaii Department of Public Safety ("DPS").[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action brought pursuant to 42 U.S.C. § 1983. Before the court is Defendants Francis Hamada, Francis Sequeira, and Michael Chun's Motion to Revoke IFP Status. ECF #33. Plaintiff has filed an Opposition to Defendants' Motion, ECF #40, and Defendants have filed a Reply, ECF #73. Because Defendants presented evidence beyond the pleadings in opposition to Plaintiff's Motion for Emergency Dental Care, and in support of their Motion to Revoke IFP Status, Plaintiff was given an opportunity to file counter-affidavits or other contrary

---

[1] Plaintiff is confined at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, but complains about the conditions of confinement at the Oahu Community Correctional Center ("OCCC").

evidence. *See* ECF #63. Plaintiff filed his supplemental Opposition on September 26, 2012. ECF #74.

After careful consideration of the Motion, Opposition, Reply, supplemental Opposition, the parties' testimony, and the entire record, the court concludes that Plaintiff may not proceed *in forma pauperis* in this action. Defendants' Motion is GRANTED, and Plaintiff's *in forma pauperis* status is REVOKED. Plaintiff's Motion for Discovery, ECF #75, is DENIED. This action is DISMISSED.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action on February 27, 2012, claiming that OCCC dentist Dr. Francis Hamada, Warden Francis Sequeira, and Case Manager Michael Chun had violated his constitutional rights by allegedly denying him "adequate" dental care and access to the courts. *See* Compl., ECF #1. On March 6, 2012, the court screened and dismissed with leave to amend Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), for failure to state a claim.[2] Ord., ECF #7. Plaintiff's IFP application was denied as incomplete and because

---

[2] The court ruled that Plaintiff failed to allege sufficient facts showing that (1) Dr. Hamada acted with deliberate indifference to Plaintiff's dental needs; (2) Sequeira or Chun denied him access to the courts or otherwise violated the First Amendment; and (3) Sequeira was personally involved in Plaintiff's claims. The court also ruled that (4) Defendants were immune from suit for damages in their official capacities. *See* Compl., ECF #1 at 6-12.

he failed to plausibly allege imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff was ordered to show cause regarding his claim of imminent danger of serious physical injury.

On March 13, 2012, Plaintiff filed a first amended complaint ("FAC") and a notice of appeal. *See* ECF #10, #12. The FAC added OCCC Accountant Emy Magcalas as a defendant, but alleged no specific claims against her. Plaintiff sought an order directing Magcalas to complete his IFP application. The FAC is otherwise indistinguishable from the original Complaint.

In the FAC, Plaintiff maintains that Dr. Hamada refuses to provide him with "ADEQUATE" dental care, that is, refuses to treat his teeth with the root canals and dental crowns that he desires, and acts with deliberate indifference to his pain, allegedly violating the Eighth Amendment.[3] FAC, ECF #10 at 5. Plaintiff says that he is in "extreme pain and his mouth is infected and he cannot eat or digest his food properly." *Id.*

---

[3] Plaintiff has raised similar claims alleging inadequate dental care before and after commencing this action. *See e.g., Tierney v. Atkins*, 1:12-cv-00308 SOM (D. Haw.) (against the Halawa Correctional Facility ("HCF") dentist); *Tierney v. Unnamed Dentist*, 1:11-cv-00369 JMS (D. Haw.) (against the HCF dentist); *Tierney v. Okamoto*, 1:11-cv-00800 DAE (D. Haw.) (against the Waiawa Correctional Facility ("WCF") dentist); and *Tierney v. Dentist Unknown*, 1:12-cv-1554-PHX (D. Ariz) (against the SCC dentist). In each of these actions, Plaintiff demanded root canals and crowns and private dental care.

The FAC provides no additional details regarding this claim.[4]  In his original Complaint, however, Plaintiff stated that Dr. Hamada examined him on February 9, 2012, took x-rays, and prescribed antibiotics and pain pills.  *See* Compl., ECF #1 at 5.

On April 11, 2012, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  ECF #21.  Plaintiff then filed a fully completed IFP application.  Although Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g), the court, noting the claims in his response to the Order to Show Cause of extreme pain caused by the alleged *denial* of dental care, granted his IFP application on May 22, 2012.  The application was granted notwithstanding remaining doubts concerning the plausibility of this claim of imminent danger.  ECF #28.

Before the court could screen the FAC pursuant to 28 U.S.C. § 1915A, Plaintiff filed a Motion for Emergency Dental Treatment.  ECF #29.  Plaintiff asserted that he was "in extreme pain and he is entitled to adequate dental care." *Id.* at 1. Plaintiff claimed that the only dental treatment he received from Dr. Hamada was dental x-rays on February 9, 2012.  *Id.*

On May 31, 2012, the court held a hearing on Plaintiff's Motion for Emergency Dental Treatment.  ECF #32. Plaintiff participated by telephone. The court received exhibits

---

[4] The FAC also realleges Plaintiff's due process and denial of access to the court claims against Sequeira and Chun.

and testimony from Plaintiff and Dr. Hamada. At the hearing, Plaintiff agreed to allow an oral surgeon to extract two of his nonreparable teeth. *See id.* Defendants stated they would facilitate an appointment as early as possible.

Defendants assert that, on June 1, 2012, the day after this court's evidentiary hearing, Plaintiff was seen by an oral surgeon at the prison but refused to allow him to extract his teeth. In the present Motion to Revoke IFP Status, ECF #33, Defendants argue that the evidence before the court shows that Plaintiff was not in imminent danger of serious physical injury when he filed this action, that his statements to the contrary were untruthful, and that he has acted in bad faith. *Id.*

## II. "THREE STRIKES PROVISION" OF 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because

it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*"). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

At least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1) *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) (upholding three-strikes dismissal of Plaintiff's lawsuits, noting that prior to November 1996, "Tierney filed six other actions, . . . which were dismissed as frivolous or for failure to state a claim");

(2) *Tierney v. Fasi*, Civ. No. 12-00148 JMS (D. Haw. Apr. 19, 2012) (dismissing after notice pursuant to § 1915(g));

(3) *Tierney v. United States*, No. 1:11-cv-00082 HG (D. Haw. Feb. 7, 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes); and

(4) *Tierney v. United States*, No. 1:10-cv-00675 HG (D. Haw. Dec. 1, 2010) (dismissing as frivolous and finding Plaintiff had accrued three strikes).

Plaintiff has been given notice and an opportunity to respond in the present action to the court's finding that he has accrued three strikes. Indeed, this has been pointed out to him on numerous other occasions.[5] Therefore, Plaintiff may not bring

---

[5] On May 3, 2012, the Ninth Circuit issued an Order to Show Cause requiring Plaintiff to show why a prefiling order should not issue to address Plaintiff's "practice of burdening [the Ninth Circuit] with meritless litigation." *See In re: Michael C. Tierney*, No. 12-80089, ECF #2. After reviewing Plaintiff's

(continued...)

a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

//

### III. DISCUSSION

A.    **Imminent Danger Exception**

To meet the "imminent danger" requirement, a claimant must show that the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*,

---

⁵(...continued)
response, the appellate court entered a prefiling order. ECF #4.

32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999). But alleging a plausible, ongoing danger will also satisfy this requirement. *Andrews II* at 1056 (stating, by example, that "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past" satisfies the ongoing danger standard).

**B.      Plaintiff Does Not Plausibly Allege Imminent Danger**

The court first notes that it initially denied Plaintiff IFP status twice in this action, in part because Plaintiff failed to allege imminent danger of serious physical injury in his original Complaint. *See* ECF #7 at 15. However, because in his response to the Order to Show Cause Plaintiff alleged that he was in extreme pain, his mouth was infected, Dr. Hamada was "refusing to provide [him] with ADEQUATE dental care by failing to fix his teeth," and he had been denied care, the court, in an abundance of caution, eventually granted him IFP status. At the time, it was unclear how Plaintiff defined "adequate" dental care or the denial of such care, although it appeared that he simply disagreed with the care he had received. The court then conducted a hearing on May 31, 2012, on Plaintiff's Motion for Emergency Dental Treatment, a motion that required the court to determine whether Plaintiff was sufficiently and plausibly alleging imminent danger. *See*

*generally*, Tr., ECF #71. Plaintiff clarified his situation at the hearing.

The imminent danger exception applies "if the complaint makes a *plausible* allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews II*, 493 F.3d at 1055 (emphasis added). Although a court considering an IFP application from a litigant who has accrued three strikes "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] *it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger.*" *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) (emphasis added).

At the hearing on May 31, 2012, this court received Plaintiff's dental records and x-rays in evidence and heard in-person testimony from Dr. Hamada and telephone testimony from Plaintiff. Dr. Hamada testified that he had examined Plaintiff on February 9, 2012, and determined that Plaintiff had three teeth that required dental care: #3, #14, and #31. Tr, ECF #71 at 33-36. Dr. Hamada testified that #31 was fractured but not infected or decayed. *Id.* at 35-36, 39-40. He opined that it might be sensitive to temperature and required a filling, but did not require emergency treatment. *Id.* He further testified that #3 and #14 were nonrestorable (by root canal treatment or otherwise), had active infection, were causing Plaintiff pain,

9

and needed to be extracted.  *Id.* at 33-34, 41-42.  Dr. Hamada opined that extraction would relieve Plaintiff's pain.  *Id.* at 42.  Dr. Hamada stated that he had explained this to Plaintiff.

Dr. Hamada further testified that Plaintiff consented to the extraction of teeth #3 and #14 during the appointment on February 9, 2012, and was immediately listed to see an oral surgeon.  Plaintiff, however, did not show up for the scheduled appointment.  *Id.* at 34.

Plaintiff admitted that he knew he was scheduled to see an oral surgeon on March 6, 2012.  Plaintiff testified, however, that on that day he told prison personnel that he was going to the law library and that they should notify the dental department of this, so that someone could come to get him at the appointment time, but no one did.[6]  *Id.* at 15.  Dr. Hamada testified that, because the oral surgeon is at the prison infrequently, when Plaintiff was not present at his scheduled appointment, he was deemed to have refused care.  *Id.*

On May 27, 2012, Plaintiff saw Dr. Thomas Atkins, DDS, at HCF.  *See* ECF #33-1 at 2.  Plaintiff's dental treatment record of that date shows: "Pt wishes to have fillings on non-restorable teeth #3, 14.  Pt refuses ext. Pt informed, told to return when he is ready for ext 3, 14."  *Id.*

---

[6] Plaintiff signed his original Complaint on February 20, 2012, after seeing Dr. Hamada on February 9, 2012, and before the March 6, 2012, appointment with the oral surgeon.

10

At the hearing on May 31, 2012, Plaintiff testified that the HCF and WCF dentists told him that his teeth were restorable, but expensive to fix, and that he had to pay for their restoration himself. *Id.* at 14. He testified that he had been in pain for 26 months and that he either wanted his teeth fixed or pulled. *Id.* at 55. Plaintiff seemed at the hearing before this court to understand that teeth #3 and #14 were not, in fact, restorable, and he consented to having them extracted. *Id.* at 70-72.

The court denied Plaintiff's Motion for Emergency Dental Treatment, finding that there was no dental emergency, and stating:

> I am finding that what's happened is that you were told that these two teeth need to be pulled out. You didn't want them pulled out because you wanted to have root canals and crowns, but these teeth were too deteriorated to make [that] appropriate. And so since you wanted something other than having the teeth pulled out, they weren't going to forcibly pry open your mouth and pull out teeth if you didn't want them pulled out. So that's the only reason that the teeth that are causing you pain have not been pulled out.
> . . . .
>
> [R]ight now we have two prison dentists from different facilities saying your two teeth . . . are too deteriorated to get something other than just having them pulled out.
> . . . .
>
> [The dentist and defense counsel] are on the court record saying that they are going to make sure that you get put in line for an appointment and that they understand that you're in pain and so that takes you up in priority I'm sure. And so that an appointment to extract [the two teeth] is forthcoming.

11

> . . . .
>
> [T]his Motion for Emergency Dental Treatment is denied. But, [the defense attorney and dentist] are going to arrange for you to get those two teeth extracted.

ECF #71 at 73-74, 77.

After the court ruled orally on May 31, 2012, Plaintiff apparently decided not to have his teeth extracted.  Thus, the next day, June 1, 2012, when Plaintiff was seen again at HCF by Dr. Atkins, for the purpose of having teeth #3 and #14 extracted, he inexplicably refused this treatment and refused to sign the form acknowledging this refusal.  ECF #33-1 at 1.  To the extent Plaintiff is suffering dental pain, he has had opportunities to address that pain, but has declined to do so.  Plaintiff did not keep the March 6, 2012, dental appointment to extract teeth #3 and #14, deciding instead to file suit against Dr. Hamada. Plaintiff's explanation for missing this appointment is not believable; the record shows that he was informed of the appointment well before as well as on the day it was scheduled, but instead of waiting to be called, chose to go to the law library.  Plaintiff cannot "create the imminent danger so as to escape the three strikes provision of the PLRA." *Pauline v. Mishner*, No. 1:09–cv–00182 JMS 2009 WL 1505672, *2 (D. Haw., May 28, 2009); *Taylor v. Walker*, 2007 WL 4365718, *2 (S.D. Ill. 2007); *see also Bell v. Allen*, 2007 WL 484547 (S.D. Ala. Feb.8, 2007); *Muhammed v. McDonough*, 2006 WL 1640128 (M.D. Fla. June 9,

2006); *Wallace v. Cockrell*, 2003 WL 22961212 (N.D. Tex. Oct.27, 2003).

Even if Plaintiff's missing of the March 6 appointment were excusable, it is now abundantly clear, as noted in the order dismissing his original Complaint, that Plaintiff simply disagreed with the dental care that Dr. Hamada provided and the treatment Dr. Hamada and other dentists have recommended. Differences of opinion between an inmate and a prison medical provider do not amount to deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Plaintiff fails to state a claim against Dr. Hamada. Because the FAC fails to cure the deficiencies in his original Complaint as alleged against Defendants Chun and Sequeira, Plaintiff also fails to state a claim against them. Finally, to the extent Plaintiff alleges a claim against Magcalas for failing to complete his IFP application, the court finds that he fails to state a claim against her.

## IV. <u>CONCLUSION</u>

In light of the evidence before the court, as provided by Plaintiff in his original and amended Complaint, at the May 31, 2012, hearing, and in Defendants' exhibits to the Motion to Revoke IFP Status, the court concludes that Plaintiff has failed to make a plausible allegation that he was facing an imminent danger of serious physical injury when he filed this action. Moreover, the court finds that Plaintiff made these allegations in bad faith, fully aware that he could alleviate his pain at any

time, and that Dr. Hamada was not responsible for his pain. Finally, the court finds that the First Amended Complaint fails to cure the deficiencies in the original Complaint and Plaintiff fails to state a claim.

Defendants' Motion is GRANTED, and Plaintiff's IFP status is REVOKED. Normally, the court would dismiss the action without prejudice to refiling after payment of the $350.00 filing fee. Because Plaintiff also fails to state a claim, however, and in light of the court's findings herein, amendment is futile and this action is DISMISSED with prejudice.

Finally, Plaintiff seeks copies of dental and medical x-rays from before and after the incident at issue in this action and copies of court orders from several of his other cases. Plaintiff has had the ability to obtain his own dental x-rays and other medical records since he commenced this action. This court and the appellate court have also sent Plaintiff copies of each of the orders he seeks. Nor are these medical records or copies of court orders relevant to whether he was in imminent danger of serious physical injury at the time he commenced this action. Plaintiff's Motion for Discovery is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 27, 2012.



      /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tierney v. Hamada, et al.*, Civ. No. 12-00117 SOM/RLP; ORDER REVOKING IN FORMA PAUPERIS STATUS, DENYING MOTION FOR DISCOVERY, AND DISMISSING COMPLAINT AND ACTION; psas/IFP/dmp 2012/Tierney Revoke IFP/ Tierney 12-117 SOM (revoke IFP no imm. dng)