IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, #A0201434, | ) ) ) | CIV. NO. 12-00117 SOM/RLP |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION UNDER RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND |
| vs. | ) ) | DENYING MOTION TO CLARIFY |
| FRANCIS HAMADA, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING MOTION UNDER RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND DENYING MOTION TO CLARIFY**

Plaintiff moves for relief from the September 27, 2012, judgment revoking his *in forma pauperis* status and dismissing this action. *See* Mot., ECF #78; Ord. ECF #76. Plaintiff also seeks clarification of the order. Mot., ECF #79. Plaintiff's Motions are DENIED.

**I.    Legal Standard**

Rule 60(b) permits reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

### A. *Reconsideration*

Plaintiff moves for reconsideration based on "mistake, neglect, fraud, and new evidence." Mot., ECF #78. Plaintiff, who is incarcerated in Arizona, states that he is in extreme pain from his toothache and, on September 11, 2012, had a cancerous tumor removed. Plaintiff demands again that the court order dental care for him.

Although Plaintiff's recent operation is unfortunate, it does not constitute new evidence, mistake, fraud, or neglect sufficient to persuade the court to reconsider its decision to revoke *in forma pauperis* status and dismiss this case. First, Plaintiff filed a Reply to the State's Motion to Revoke IFP Status two weeks after his operation and made no mention of it in his Reply. It does not constitute new evidence.

Second, Plaintiff fails to explain what bearing this medical procedure has on his claims against Dr. Hamada, claims that allegedly occurred at the Oahu Correctional Facility more

2

than a year ago. Rather, it appears that Plaintiff is raising new claims concerning his medical condition. Plaintiff may do so in Arizona, where he is confined. Plaintiff, however, fails to provide an intervening change in controlling law, competent new evidence that was unavailable before the court, or a sufficient argument showing the need to correct clear error or prevent manifest injustice relating to this court's denial of his previous motion for reconsideration, or relating to the Order adopting the F&R to deny the petition. Plaintiff's Motion Under Rule 60(b), ECF #136, is DENIED.

### B.  *Clarification*

Plaintiff claims that this court repeatedly called him discriminatory names and stated that he was untruthful. The court disagrees. This court has never directed any derogatory epithet at Plaintiff, and he offers no evidence of even a single instance when this actually happened. Moreover, although the court found that Plaintiff was not in imminent danger of serious physical injury when he commenced this action based on Dr. Hamada's dental treatment, the court did not discredit Plaintiff's allegation that he was in pain. Rather, the court found that Plaintiff's pain was within his own control to end, and that the continuance of any pain resulted from his own actions. Plaintiff, at all times relevant to this action, had the ability to alleviate his pain by accepting the dental care

that was recommended.  Thus, although Plaintiff's claims regarding his pain may have been truthful, they are nonetheless insufficient to show imminent danger of serious physical injury in this case.  Plaintiff's "Motion to Clarifiey" [sic] is DENIED.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 16, 2012.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

*Tierney v. Hamada, et al.*, Civ. No. 12-00117 SOM/RLP; ORDER DENYING MOTION UNDER RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND DENYING MOTION TO CLARIFY; G:\docs\prose attys\Recon\DMP\2012\Tierney 12-117 som (R60 & clarify)).wpd